**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

GERALD LEE HENDRICKSON,

                    Plaintiff,

v.                                                          CIVIL ACTION NO.   2:14-cv-11583

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

        Before the Court is Plaintiff Gerald Lee Hendrickson's Complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner"). (ECF 2.) By standing order entered February 7, 2014, and filed in this case on March 18, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF 4.) On January 29, 2015, Magistrate Judge Tinsley entered his PF&R, which recommends that this Court affirm the final decision of the Commissioner and deny Plaintiff's Brief in Support of Judgment on the Pleadings. (ECF 13.) Plaintiff filed timely objections to the PF&R on February 24, 2015,[1] (ECF 16), and the Commissioner filed her Response on March 6, 2015, (ECF 17).

        For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, (ECF 16), **ADOPTS** the PF&R, (ECF 13), to the extent it is consistent with this Memorandum Opinion and

---

[1] On February 17, 2015, Plaintiff filed a Motion for Extension of Time to file objections, (ECF 14), which the Court granted by its Order dated February 18, 2015, (ECF 15).

Order, **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** the Complaint, (ECF 2).

## I.   *Procedural Background*

The facts concerning this matter are fully set forth in the PF&R and need not be repeated here at length. In short, Plaintiff filed an application for disability insurance benefits and supplemental security income on September 8, 2010, alleging disability as of May 1, 1991, (ECF 9-6 at 2). The application was denied initially on May 10, 2011, (ECF 9-4 at 2–6), and upon reconsideration on July 8, 2011, (*id.* at 12–14).

A hearing was held before Administrative Law Judge Jack Penca (the "ALJ") on September 19, 2012. (ECF 9-2 at 25–47.) On September 25, 2012, the ALJ issued an unfavorable decision. (ECF 9-3 at 19–42.)[2] The Appeals Council denied review of the ALJ's decision on January 10, 2014. (ECF 9-2 at 2–8.) Thereafter, on March 4, 2014, Plaintiff filed the Complaint in this Court. (ECF 2.)

## II.  *Standard of Review*

### A.    **Review of the PF&R**

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections

---

[2] The ALJ found at step two of the sequential disability analysis that Plaintiff had four severe impairments—osteoarthritis, depressive disorder, anxiety disorder, and borderline intellectual functioning. (ECF 9-3 at 24–25.) The ALJ found at step three that Plaintiff's impairments did not meet or equal the level of severity of any listing in Appendix 1. (*Id.* at 25–28.) The ALJ next found that Plaintiff "has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c)," but reduced by certain limitations related to exertion. (*Id.* at 28–37.) The ALJ also found that Plaintiff has no past relevant work. (*Id.* at 36.) Finally, at step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform. (*Id.* at 37–38.)

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**B.      Review of the ALJ's Findings and Decision**

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). Substantial evidence requires more than a scintilla, but less than a preponderance, of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Assuming error by the Commissioner, "reversal is not required where the alleged error 'clearly had no bearing on the procedure used or the substance of the decision reached'" by the administrative law judge. *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

3

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.[3] *See* 20 C.F.R. §§ 404.1520(a) & 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

### III. Discussion

Plaintiff objects to Magistrate Judge Tinsley's findings in the PF&R that substantial evidence supports the ALJ's decision to give less weight to the opinions of two examining psychologists—John Atkinson, M.A. and Tony Goudy, Ph.D.[4] (ECF 16. *See generally* ECF 9-3 at

---

[3] In *Hall v. Harris*, the Fourth Circuit provided the following discussion regarding the "sequential evaluation" process in determining whether a claimant is disabled:

> Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job.

658 F.2d 260, 264–65 (4th Cir. 1981); *see also* 20 C.F.R. §§ 404.1520 & 416.920 (providing the "sequential evaluation" analysis).

[4] In Plaintiff's Brief in Support of Judgment on the Pleadings, Plaintiff also argued that the ALJ "ignor[ed] the opinions of a psychological consultative examiner"—Brenda Tebay, M.A. (ECF 10 at 11–13, 15–16.) However, Plaintiff does not object to the Magistrate Judge's findings and recommendations, as they pertain to Ms. Tebay. (*See* ECF 16.) As such, the Court need not address this argument. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Additionally, Plaintiff's objections include a general assertion that "all three opinions of the psychologists who *examined* Hendrickson supported far greater limitations than those found by the ALJ based on his reliance on the opinion of one records-reviewing, *non-examining* psychologist." (ECF 16 at 3.) The Fourth Circuit stated the following:

> This Court has said that the testimony of a non-examining, non-treating physician should be discounted and is not substantial evidence when totally contradicted by other evidence in the record. However, we have also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record. Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, an ALJ's determination coming down on the side

4

32 & 36 (providing statements by the ALJ that neither Mr. Atkinson nor Mr. Goudy had "the benefit of an established treating relationship with the claimant").) For the reasons that follow, the Court **OVERRULES** Plaintiff's objections.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). *See generally* SSR 06-03P (providing the Commissioner's list of acceptable medical sources). The ALJ will generally "give more weight to the opinion of a source who has examined [a claimant] than to the opinion of a source who has not examined [a claimant]." *Id.* §§ 404.1527(c)(1) & 416.927(c)(2). However, "there is no regulatory directive that the Commissioner always give good reasons for the weight given to an examining source like there is with a treating source." *Starcher v. Colvin*, Civil Action No. 1:12–01444, 2013 WL 5504494, at \*6 (S.D. W. Va. Oct. 2, 2013) (Faber, J.) (citing 20 C.F.R. § 404.1527(c)(1)–(2)).

The ALJ must determine "the weight to give the opinion" of a source based on the following factors: (1) the length of treatment of the claimant by the treating source; (2) the frequency of examination by the treating source; (3) the nature and extent of the treatment relationship; (4) the support of the source's opinion afforded by the medical evidence of record; (5)

---

on which the non-examining, non-treating physician finds himself should stand.

*Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (citations omitted). The record demonstrates that the ALJ weighed the opinions of the examining and non-examining sources and incorporated those opinions into his findings—including, in part, the opinion of Ms. Tebay, an examining psychologist—based on credibility determinations and the extent to which each opinion was consistent with the record, as a whole. (*See* ECF 9-3 at 28–36.) This analysis complies with the requirements regarding the use of opinions from examining and non-examining sources, and the court will let it "stand." *See Gordon*, 725 F.2d at 235. Accordingly, insofar as Plaintiff's statement regarding the use of examining and non-examining opinions may be interpreted as a specific objection, (*see* ECF 16 at 3), it is **OVERRULED**.

the consistency of the opinion with the record as a whole; (6) the specialization of the source; and (7) any other relevant factors. *Id.* §§ 404.1527(c) & 416.927(c). "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies, or has not given good reason for the weight afforded a particular opinion." *Koonce v. Apfel*, 166 F.3d 1209, at *2 (4th Cir. 1999) (internal quotation marks and citations omitted).

## A.    Mr. Atkinson

Plaintiff first objects to the ALJ's decision to give less weight to the examining opinion of Mr. Atkinson. (ECF 16 at 3.) However, there is ample evidence in the record that the ALJ performed the correct analysis when considering Mr. Atkinson's opinion. In particular, the ALJ provided the following relevant discussion:

> On August 30, 2012, Mr. Atkinson offered a current and past year global assessment of functioning score (GAF) of 50, consistent with serious problems in social, occupational, and educational functioning. I afford this GAF opinion little weight. The examiner did not have the benefit of an established treating relationship with the claimant and appeared to offer his opinion based upon the claimant's report of symptoms, which has been determined to be exaggerated. This examiner did not administer IQ testing, and offered an opinion relying upon prior testing records from another examiner, yet changed her diagnosis. He assessed inconsistent findings noting a diagnosis of mild mental retardation but documenting that his academic range was in the dull normal range. He further suggested that the claimant was capable of managing his benefits if awarded, as he had done so in the past. Accordingly, this opinion is offered little weight . . . .

(ECF 9-3 at 36.) This discussion indicates the ALJ considered the length, frequency, nature, and extent of Mr. Atkinson's treatment of Plaintiff, as well as the consistency of the opinion with the record as a whole. (*See id.*; *see also id.* at 34–35 (describing Mr. Atkinson's examinations of Plaintiff, as well as his opinion and its inconsistencies with other portions of the record).) As such, the ALJ's decision discusses at least five of the pertinent factors when determining what weight to

6

accord Mr. Atkinson's opinion.[5] *See* 20 C.F.R. §§ 404.1527(c) & 416.927(c). The Court also finds that these considerations constitute good reasons to attribute less weight to the opinion of Mr. Atkinson. *See, e.g.*, *Meyer v. Colvin*, 754 F.3d 251, 256 (4th Cir. 2014) ("Both Social Security regulations and our case law establish that a [source's] opinion is to be accorded comparatively less weight if it is based on the [source's] limited knowledge of the applicant's condition or conflicts with the weight of the evidence." (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) and 20 C.F.R. § 404.1527(c))).

Accordingly, the Court finds that the ALJ followed the applicable regulations when determining that Mr. Atkinson's examining opinion should receive less weight and that substantial evidence supports this determination.

## B.      Mr. Goudy

Plaintiff also objects to the weight the ALJ accorded to the examining opinion of Mr. Goudy. (ECF 16 at 3.) This objection similarly fails, as the record indicates the ALJ performed the correct analysis and considered the relevant factors in determining the weight to accord Mr. Goudy's examining opinion. In particular, the record reflects that the ALJ considered the length, frequency, nature, and extent of Mr. Goudy's treatment of Plaintiff, (ECF 9-3 at 32 (noting that Mr. Goudy did not have an established treating relationship with Plaintiff); *see also id.* at 32 & 34 (discussing Mr. Goudy's examination of Plaintiff)), and the numerous inconsistencies between

---

[5] This Court recently noted the following regarding an administrative law judge's consideration of the factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c):

> [W]hile the ALJ . . . has a duty to "consider" each of the . . . six factors listed above, that does not mean that the ALJ has a duty to discuss them when giving "good reasons." Stated differently, the regulations require the ALJ to consider the six factors, but do not demand that the ALJ explicitly discuss each of the factors.

*Hardy v. Colvin*, Civil Action No. 2:13–cv–20749, 2014 WL 4929464, at *2 (S.D. W. Va. Sept. 30, 2014).

Mr. Goudy's opinion and the remainder of the record,[6] (*id.* at 32 & 35). As such, the record reflects that the ALJ considered the appropriate factors when deciding to give less weight to Mr. Goudy's opinion. *See* 20 C.F.R. §§ 404.1527(c) & 416.927(c). The Court also finds that the ALJ's discussion of these considerations illustrates good reasons to give less weight to Mr. Goudy's opinion. *See, e.g.*, *Craig*, 76 F.3d at 590 ("By negative implication, if a [source's] opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

The Court therefore finds that the ALJ followed the appropriate regulations in according Mr. Goudy's opinion less weight and that substantial evidence supports this determination.

## IV.  Conclusion

For the reasons stated herein, the Court **OVERRULES** Plaintiff's objections, (ECF 16), **ADOPTS** the PF&R, (ECF 13), to the extent it is consistent with this Memorandum Opinion and Order, **AFFIRMS** the final decision of the Commissioner, **DISMISSES** Plaintiff's Complaint, (ECF 2), and **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED.**

---

[6] The ALJ notes many inconsistencies between what Plaintiff told Mr. Goudy and Mr. Goudy's opinion with the remainder of the record, such as: (1) "despite his comments to Dr. Atkinson . . . that he was unable to read labels, directions, write checks, or make change, [Plaintiff] reported to [Mr. Goudy] that he had worked at a gas station for a year, pumped gas, and ran the register;" (ECF 9-3 at 32); (2) Mr. Goudy stated that Plaintiff's "concentration was markedly impaired, as he was unable to recite serial threes and appeared confused," but, "during testing with Ms. Tebay, [Plaintiff] was able to perform serial threes without any difficulty," (*id.*); (3) Mr. Goudy found that Plaintiff "would be markedly or seriously limited in his ability to . . . function independently, maintain attention and concentration, or complete a normal workday and workweek without interruption," but "also opined that [Plaintiff] could manage his benefits if awarded," (*id.*); and (4) Plaintiff told some observers "that he has never attempted to obtain his GED; yet stated to Dr. Goudy that he tried but gave up," (*id.* at 35). Ultimately, the ALJ observed that, as with Mr. Atkinson's examination, "[i]t appears the claimant exaggerated his symptoms and abilities" with Mr. Goudy, "given his presentation and testing performance in prior exams." (*Id.*)

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:          March 30, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

9